IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HARVEY WILLIAM HUGUNIN<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF IDAHO; RODEWAY INN; CHOICE HOTELS; GLACIER BANCORP INC.; MOUTAIN WEST BANK, DIVISION OF GLACIER BANK,<br><br>    Defendants. | Case No.   1:19-CV-480-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it plaintiff's application to proceed without payment of fees. For the reasons explained below, the Court will deny the application and dismiss this case.

# ANALYSIS

The Court is required to screen complaints brought by litigants who seek in forma pauperis status. *See* 28 U.S.C. § 1915(e)(2). Plaintiff's Complaint, or a portion thereof, will be dismissed if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B)(i-iii). To state a claim upon which relief can

**Memorandum Decision & Order - 1**

be granted, plaintiff's Complaint must include facts sufficient to show a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). During this initial review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

In this case, plaintiff complains that he was overcharged by the Rodeway Inn and that $350 disappeared from his bank account at Mountain West Bank. He alleges that Rodeway Inn stole his money and that Mountain West Bank and Glacier Bank failed to investigate the theft. He also alleges that the Idaho Supreme Court Justices failed to investigate his claims, and so he has included the State of Idaho as a defendant for failing to investigate his theft charge.

Plaintiff claims jurisdiction based on federal jurisdiction but cites criminal statutes that are not applicable here. He does cite 42 U.S.C. § 1983 in his claim against the State of Idaho but that claim is frivolous because it alleges that the court failed to investigate his claim of theft. If the case is instead based on diversity it fails to satisfy the amount-in-controversy requirement. Because there is no conceivable basis for federal jurisdiction, the lawsuit is frivolous and no purpose would be served by allowing amendment of the complaint. The Court will therefore order the matter be dismissed.

# ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that that this action be DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(i-iii), without leave to amend.

IT IS FURTHER ORDERED, that the Petition to Proceed in Forma Pauperis (docket no. 1) is DENIED.

IT IS FURTHER ORDERED, that the Clerk close this case.

DATED: March 3, 2020

_____
B. Lynn Winmill
U.S. District Court Judge